CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 15 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| J.W. BURRESS, INC.<br>    Plaintiff, | Civil Action No. 7:07-CV-00310 |
| v. | **MEMORANDUM OPINION** |
| JOHN DEERE CONSTRUCTION &<br>FORESTRY COMPANY, et al.<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

This is a contract dispute arising out of a dealer agreement containing an arbitration clause between J.W. Burress, Inc. ("Burress") and John Deere Construction & Forestry Company ("Deere"). Claiming that arbitration should occur in Roanoke, Virginia rather than Chicago, Illinois and that Virginia law should govern the dispute, Burress filed this action in the Circuit Court for the City of Roanoke, Virginia. That court preliminarily enjoined arbitration proceedings in Chicago, and Deere removed the action to this court based on this court's diversity jurisdiction. Deere is requesting the court to dissolve the circuit court's injunction, compel arbitration, and stay the case until arbitration is completed. Burress concedes that the underlying contract dispute is subject to arbitration. It contends, however, that this court should decide that the arbitrator must hold the arbitration in Roanoke and apply Virginia law. Because of the broad language of the arbitration agreement and the narrow role given to the courts by the Federal Arbitration Act, 9 U.S.C. §§ 1-14 (2000), this court finds that the applicable law and location of the arbitration are matters for the arbitrator to decide and, therefore, orders the case to arbitration for further proceedings.

## I.

The dealer agreement between Burress and Deere requires Burress to obtain written approval from Deere before making changes in Burress' ownership or business structure. The dealer agreement provides that "any dispute" will be submitted to arbitration and that "arbitration shall be held at such location as required by applicable law, or if no location is required by applicable law, at Chicago." Burress informed Deere of its merger with H&E Equipment Services, Inc. on May 15, 2007, and both sides agree that the resulting case is arbitrable under the agreement. However, Burress argues that Virginia law applies to the arbitration proceedings, that the Virginia Heavy Equipment Dealer Act (VHEDA), Va. Code Ann. §§ 59.1-353 through 363, governs the agreement, and that according to the VHEDA, arbitration must be held in Roanoke, Virginia.[1] Deere argues that the FAA applies and that the arbitrator, not this court, decides which state's law applies to the arbitration and where arbitration is to take place.

## II.

The FAA limits a district court's role in compelling arbitration to determining two questions: whether the agreement to arbitrate is valid and whether the dispute involved is within the scope of the arbitration agreement. Glass v. Kidder Peabody & Co., 114 F.3d 446, 456-57 (4th Cir. 1997). Neither party disputes the validity of the arbitration agreement. Instead, Burress asks that the court decide which state's law applies to the arbitration and what venue for arbitration results from the application of that law. However, antecedent to that issue, the court must decide whether it may choose the applicable law and proper venue. This court finds that

---

[1] Va. Code Ann. § 59.1-358(A) provides, "Jurisdiction to hear and determine cases and controversies arising under provisions of [the Virginia Heavy Equipment Dealer Act] shall be in the circuit court of the city or county wherein the dealer has his principal place of business in Virginia."

2

the choice of law and venue are decisions for the arbitrator.

The question of whether the parties agreed to submit a particular issue to arbitration is a question for judicial determination. Howsam v. Dean Witter Reynolds, 537 U.S. 79, 83 (2002). To answer this question, the court should look to whether the parties revealed an intent to arbitrate the matter, and any doubts concerning the scope of the arbitration clause should be resolved in favor of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

Here, the parties broadly agreed that "any dispute shall be finally resolved by binding arbitration." The parties also agreed that, "unless contrary to applicable law... the arbitration panel shall apply... the substantive law of the state of Illinois." This provision demonstrates the parties' recognition that inconsistent controlling law might present a future dispute. Reading these two provisions together, the court concludes that the parties clearly intended for the arbitrator to decide the appropriate law to apply. Similarly, the clear, and unequivocal command that "any dispute" is subject to final and binding arbitration fairly includes a dispute as to where the arbitrator will hold the arbitration. [2]

### III.

The parties will have an opportunity to argue which law will govern the dispute, but those

---

[2] Essentially, Burress argues that the arbitrator must apply to the VHEDA which, in turn, will require the arbitrator to hold the arbitration proceedings in Roanoke, Virginia. The argument may or may not be correct. However, at this juncture that decision is for the arbitrator not this court.
Burress also seems to argue that the statutorily mandated source of its argument, VHEDA, should alter the court's analytical framework for deciding the issues it raises. The issue is a nonstarter. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 723 F.2d 155 (1st Cir. 1983)(holding, in part, that § 2 of the FAA preempted the Puerto Rico Dealers' Act, which purported to render null and void agreements obligating a local dealer to arbitrate controversies outside Puerto Rico), *revd. in part on other grounds*, 473 U.S. 614 (1985).

3

arguments must be made before the arbitrator. As the Supreme Court noted, "by agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." 473 U.S. at 627

For the reasons stated, the court orders the case to arbitration for further proceedings.

**ENTER**: This October 15, 2007.

*/s/ signature*
UNITED STATES DISTRICT JUDGE

4